JEANNE L. WELCH-KURDLE )
and AARON KURDLE )
)
    Plaintiffs, )
)   Cause No. 6:25-cv-03108-MDH
)
v. )
)
DOXA LLC, et. al. )
)
    Defendants. )

## ORDER

Before the Court is the Plaintiff's Motion to Strike and/or Make Definite Defendant J.B. Hunt Transportation Inc.'s Affirmative Defenses. (Doc. 51). Plaintiff asks this Court to strike Defendant/Crossclaim Plaintiff JB Hunt Transport, Inc's affirmative defenses to the Amended Complaint for failing to meet the specificity required under Supreme Court Rules, or in the alternative, to enter an order requiring this Defendant/Crossclaim Plaintiff to make their affirmative defenses more definite. Defendant J.B. Hunt has responded, and the time has passed for Plaintiff to file a reply. The matter is now ripe for review.

## BACKGROUND

Plaintiffs filed their Petition in the Circuit Court of Greene County, Missouri, on March 31, 2025. Co-Defendant Doxa, LLC removed the matter to the Western District of Missouri on the basis of diversity jurisdiction. After the removal, the parties exchanged Rule 26 Disclosures and began fact discovery. Plaintiffs filed their Motion for Leave to Amend to add J.B. Hunt as a party on November 7, 2025, which this Court granted on November 10, 2025. On December 10, 2025, Co-Defendant Doxa LLC filed its Motion for Summary Judgment, requesting that the Court enter summary judgment on Plaintiffs' Amended Complaint on the grounds of judicial estoppel. Co-

1

Defendant Cody Rodgers joined this Motion for Summary Judgment on December 19, 2025, and the Court entered a stay of all Scheduling Order deadlines pending its ruling on the Motion for Summary Judgment on January 5, 2026. J.B. Hunt was served with process on January 23, 2026. J.B. Hunt filed its Answer and Affirmative Defenses, denying responsibility for Plaintiffs' claimed damages, asserting a Crossclaim against Co-Defendant Doxa LLC for indemnity and contribution, and asserting 25 Affirmative Defenses which it believes apply to the allegations asserted against it in Plaintiffs' Amended Complaint. Plaintiff filed this Motion to Strike and/or Make More Definite Defendant's Affirmative Defenses to the Amended Complaint on April 6, 2026. At this time, J.B. Hunt has not yet had the benefit of fact discovery.

**STANDARD**

Under Federal Rule of Civil Procedure 8, a defendant may state defenses in "short and plain terms" and may "assert as many separate defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(b)(1)(A), 8(d)(3).

Federal Rule of Civil Procedure 12(e) controls motions for more definite statement, and states: [i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

**DISCUSSION**

I.      **<u>Federal Rule of Civil Procedure 8</u>**

Under Federal Rule of Civil Procedure 8, a defendant may state defenses in "short and plain terms" and may "assert as many separate defenses as it has, regardless of consistency." Fed.

2

R. Civ. P. 8(b)(1)(A), 8(d)(3). This Court has held that under Eighth Circuit precedent, a party need only make a "bare assertion" to plead an affirmative defense. *Knapp v. FAG Bearings*, LLC, 2021 WL 3771793, *2 (W.D.Mo. August 24, 2021) (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)) (citations omitted). This standard was affirmed by the Eighth Circuit in *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756 (8th Cir. 2022). The Rule 8(c) pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it, but the Eighth Circuit declined to adhere to a construction of the Rule that would privilege "form over substance." *Id*. at 765-66 citing *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). The purpose of an affirmative defense is to prevent unfair surprise. *Id*. at 766. The "bare assertion" of a defense that is not "articulated with any rigorous degree of specificity" is sufficient. *Id*. citing *Zotos* at 361 (8th Cir. 1997). Accordingly, an affirmative defense that states simply that Plaintiff's claims are barred under principles of estoppel, waiver, notification, etc. is sufficient. *Id*.

Affirmative defenses need only be intelligible and provide fair notice to the opposing party; detailed factual development may occur later in discovery. Defendant J.B. Hunt has done as much on some but not all of the Affirmative Defenses. The Affirmative Defenses listed below provide Plaintiff with notice of the legal theories J.B. Hunt may rely upon in defending against the allegations in the Amended Complaint. Each defense is stated in short and plain terms, consistent with the pleading standard applicable to answers. The following Affirmative Defenses satisfy Rule 8:

> 2. The allegations contained in Plaintiffs' Amended Complaint fail to state a claim upon which relief can be granted.

> 8. Plaintiffs' claims are barred, in whole or in part, by reason of the applicable filing deadlines and statute of limitations.

3

9. To the extent that any agent of J.B. Hunt acted unlawfully or as otherwise alleged by Plaintiffs, which J.B. Hunt denies, such agent was acting outside the scope of their authority.

11. Plaintiffs' recovery is barred, in whole or in part, by their failure to exercise reasonable care and diligence to mitigate any alleged damages. Plaintiffs' damages (if any) must be reduced by any actual amounts Plaintiffs have earned in mitigation of their damages.

18. Plaintiffs' claims are frivolous, unreasonable, and groundless, and J.B. Hunt is therefore entitled to an award of its reasonable attorneys' fees and expenses incurred in defending these claims.

19. The negligence, fault, or carelessness of Plaintiffs was the sole, intervening, or superseding cause of Plaintiffs' injuries and damages, and therefore any recovery by Plaintiffs against J.B. Hunt is barred. Such negligence, fault or carelessness includes (i) failure to keep a careful lookout; (ii) failure to act prudently and carefully; and (iii) failure to react in time to avoid the alleged accident.

20. The negligence, fault or carelessness of Plaintiffs caused or contributed to Plaintiffs' alleged injuries and damages, and therefore any recovery by Plaintiffs against J.B. Hunt is barred or diminished in proportion to the amount of negligence, fault or carelessness attributable to Plaintiffs.

22. Plaintiffs' alleged injuries and damages were the result of unavoidable circumstances and/or intervening or superseding causes, and therefore, Plaintiffs' claims against J.B. Hunt are barred.

24. If Plaintiffs sustained any damages as a result of the incident alleged in the Amended Complaint, such were directly caused by, or directly contributed to by, the negligence or fault of Plaintiffs or of other persons and/or entities not under the control of J.B. Hunt and the Court should therefore deny recovery or assess the percentage of fault under the doctrines of comparative fault, comparative causation and comparative indemnity.

## II.     **Federal Rule of Civil Procedure 12(e)**

Federal Rule of Civil Procedure 12(e) controls motions for more definite statement, and states: [i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The following Affirmative Defense is so vague or unintelligible that Plaintiffs cannot reasonably be expected to frame a response:

4

7. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, laches, estoppel, and unclean hands.

Defendant J.B. Hunt shall file a more definite statement within 14 days, as the above listed pleading is so vague and ambiguous that Plaintiffs cannot reasonably prepare a response.

### III.     Federal Rule of Civil Procedure 12(f)

The remainder of J.B. Hunt's Affirmative Defenses will be stricken pursuant to Federal Rule of Civil Procedure 12(f). The defenses listed below merely deny elements of Plaintiff's claim and do not assert matters on which Defendant J.B. bears the burden of proof. Therefore, they are not true affirmative defenses and are therefore stricken as insufficient. The Court strikes the following:

1. J.B. Hunt denies each and every allegation, count, claim, and prayer for Plaintiffs' Amended Complaint that is not specifically and expressly admitted herein.

3. Plaintiffs are not entitled to the relief requested as a matter of law.

4. J.B. Hunt's actions were reasonable under the circumstances.

5. J.B. Hunt states that the allegations in Plaintiffs' Amended Complaint did not occur or did not occur as alleged by Plaintiffs.

6. J.B. Hunt denies that it engaged in any wrongful or unlawful conduct whatsoever and denies that Plaintiffs are entitled to any legal or equitable relief.

10. Without conceding the burden of proof, liability, or that Plaintiffs were damaged by any actions of J.B. Hunt, J.B. Hunt states that any alleged harm suffered by Plaintiffs is subject to apportionment based on any other stresses in Plaintiffs' lives.

12. Plaintiffs' alleged damages, which J.B. Hunt explicitly denies, are not of the nature or extent alleged by Plaintiffs in their Amended Complaint.

13. Plaintiffs' alleged damages, which J.B. Hunt explicitly denies, were caused in whole or in part by sources other than any alleged unlawful actions or omissions by J.B. Hunt. Accordingly, any such damages should be either completely denied or apportioned according to the evidence.

14. If Plaintiffs suffered any damages as described in the Amended Complaint,

those damages were caused by, or contributed by, persons or entities over which J.B. Hunt has no control.

15. No act or omission by J.B. Hunt was the proximate cause of injury or damages allegedly suffered by Plaintiffs.

16. J.B. Hunt did not owe a duty to Plaintiffs.

17. Plaintiffs' alleged damages, which J.B. Hunt explicitly denies, are speculative and uncertain, and therefore, not compensable.

21. Plaintiffs' alleged injuries were not foreseeable to J.B. Hunt.

23. Plaintiffs' claims are barred, in whole or in part, because J.B. Hunt substantially complied with any and all applicable statutes, regulations, and/or laws.

25. J.B. Hunt reserves the right to amend its Answer and Affirmative Defenses and to assert such additional affirmative defenses, other defenses, limitations upon recovery, and acts of negligence and fault on the part of the Plaintiffs and others as may be revealed by additional investigation and/or discovery in this action.

The above listed Affirmative Defenses are stricken pursuant to Rule 12(f) as insufficient defenses, as they fail to plead facts supporting an avoidance or affirmative matter.

## CONCLUSION

At this early stage of the litigation discovery will allow the parties to clarify the factual record as to the Affirmative Defenses not stricken. Striking or requiring amendment of J.B. Hunt's above-listed Affirmative Defense is necessary under the Federal Rules. Accordingly, Plaintiffs' Motion to Strike and/or Make More Definite Defendant's Affirmative Defenses to the Amended Complaint is **GRANTED** in part and **DENIED** in part.

Affirmative Defenses numbers: 2, 8, 9, 11, 18, 19, 20, 22, and 24 satisfy the Federal Rules.

**IT IS ORDERED** that Affirmative Defenses: 1, 3, 4, 5, 6, 10, 12, 13, 14, 15, 16, 17, 21, 23, and 25 are stricken.

**IT IS FURTHER ORDERED** that Defendant J.B. Hunt shall file a more definite statement for Affirmative Defense number 7 within 14 days of the date of this Order.

6

**IT IS SO ORDERED.**

DATED: May 27, 2026

                                     */s/ Douglas Harpool*
                                     **DOUGLAS HARPOOL**
                                     **UNITED STATES DISTRICT JUDGE**