# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEANNE L. WELCH-KURDLE** | ) | |
| **and AARON KURDLE** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 6:25-cv-03108-MDH |
| | ) | |
| v. | ) | |
| | ) | |
| **DOXA LLC, et. al.** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion for Reconsideration of Order Granting J.B. Hunt's Motion to Join Co-Defendants' Motions for Summary Judgment. (Doc. 56). For the reasons stated herein, Plaintiffs' Motion is **DENIED**.

Plaintiffs filed their Petition in the Circuit Court of Greene County, Missouri, on March 31, 2025. Co-Defendant Doxa, LLC removed the matter to the Western District of Missouri on the basis of diversity jurisdiction. After the removal, the parties exchanged Rule 26 Disclosures and began fact discovery. Plaintiffs filed their Motion for Leave to Amend to add J.B. Hunt as a party on November 7, 2025, which this Court granted on November 10, 2025. On December 10, 2025, Co-Defendant Doxa LLC filed its Motion for Summary Judgment, requesting that the Court enter summary judgment on Plaintiffs' Amended Complaint on the grounds of judicial estoppel. Co-Defendant Cody Rodgers joined this Motion for Summary Judgment on December 19, 2025, and the Court entered a stay of all Scheduling Order deadlines pending its ruling on the Motion for Summary Judgment on January 5, 2026. J.B. Hunt was served with process on January 23, 2026. J.B. Hunt filed its Answer and Affirmative Defenses, denying responsibility for Plaintiffs' claimed damages, asserting a Crossclaim against Co-Defendant Doxa LLC for indemnity and contribution,

1

and asserting 25 Affirmative Defenses which it believes apply to the allegations asserted against it in Plaintiffs' Amended Complaint. On April 16, 2026, J.B. Hunt filed its Motion to Join Defendants' Motions for Summary Judgment. (Doc.53). On April 21, 2026, before Plaintiffs' suggestions in opposition, and exercising its discretion, this Court granted the Motion to Join. On April 30, 2026, Plaintiffs filed their Motion to Reconsider, alleging that J.B. Hunt's Motion to Join did not "identify[] which arguments [J.B. Hunt] was adopt[ing], [identify] which claims against it [were] at issue, or provid[e] any party-specific record citations". (Doc. 56).

## STANDARD

Federal Rule of Civil Procedure 12(g)(1) permits parties to join pending motions. Further, allowing one party to join another party's motion is a matter well within the district court's "substantial case management discretion." *See United States ex rel. Ambrosecchia v. Paddock Lab'ys, LLC*, 855 F.3d 949, 956 (8th Cir. 2017) (citing *United States v. Edwards*, 159 F.3d 1117, 1130 (8th Cir. 1998).

## DISCUSSION

The Court agrees with Defendant J.B. Hunt that: (1) J.B. Hunt properly incorporated the pending Motions for Summary Judgment in full, thereby placing Plaintiffs on notice of the claims, arguments, and authorities at issue; (2) the record demonstrates that J.B. Hunt and Doxa are similarly situated such that the summary judgment grounds asserted apply equally to the claims brought against each Defendant; and (3) Plaintiffs have already had a full and fair opportunity to respond to the arguments and authorities incorporated in J.B. Hunt's Motion to Join. Further, granting the Motion to Join was well within this Court's case management discretion. Therefore, Plaintiffs' Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 9, 2026

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

3