# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JEANNE L. WELCH-KURDLE<br>and AARON KURDLE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 6:25-cv-03108-MDH |
| | ) | |
| v. | ) | |
| | ) | |
| DOXA LLC, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court are Defendants' Motions for Summary Judgment based on Judicial Estoppel (Doc. 25, 29). Defendants argue Plaintiffs are judicially estopped from pursuing these claims because Plaintiffs failed to disclose them to the Bankruptcy Court. Plaintiffs argue the claim omission resulted from inadvertence, good faith mistake, and reasonable misunderstanding during a period of uncertainty, rather than deliberate manipulation, and material factual disputes exist regarding as much. The Court below finds that material factual disputes exist regarding Plaintiff's intent and Defendants' Motions for Summary Judgment [1] are hereby **DENIED**.

## BACKGROUND

Plaintiffs filed a voluntary Chapter 13 bankruptcy case in the United States Bankruptcy Court in the Western District of Missouri on December 6, 2021. After the bankruptcy was filed, Plaintiffs were involved in an automobile collision on January 29, 2022. Plaintiffs allege in this Complaint that they were injured in the accident by reason of Defendants' negligence.

---

[1] J.B. Hunt was granted leave to join Defendants' Doxa LLC and Cody Rodgers Motions for Summary Judgment Based on Judicial Estoppel on 4/21/2026. (Doc. 55).

1

Under penalty of perjury, on April 1, 2022, Plaintiffs filed their Amended A/B Schedule (listing their assets) in their Chapter 13 Bankruptcy Case. The schedule states they "have read the summary and schedules filed with this declaration and that they are true and correct." Question 33 of the Amended A/B Schedule requires disclosure of "Claims against third parties, whether or not you have filed a lawsuit or made a payment. Examples: Accidents, employment disputes, insurance claims, or rights to sue." Plaintiffs answered "No" to Question 33 of their Amended A/B Schedule filed on April 1, 2022. Plaintiffs did not disclose any pending or potential personal-injury claim in their Amended A/B Schedule notwithstanding the example given in question 33 of the Amended A/B Schedule specifically included unfiled claims and referenced "Accidents." Plaintiffs filed their Amended Schedule A/B on April 11, 2022, sixty-two days after the accident and two years and ten months before completing their Chapter 13 Plan monthly payments.

The Plaintiffs' bankruptcy Chapter 13 plan was confirmed on May 4, 2022. On that date, the bankruptcy court entered a Confirmation Order that included paragraph 6 stating: "The debtor shall report to the standing trustee any events affecting disposable income, including but not limited to: tax refunds, inheritances, prizes, lawsuits, gifts, etc. which are received or receivable during the pendency of the case." Plaintiffs stated in their Motion to Incur Additional Indebtedness filed in their Chapter 13 case that they needed to purchase a vehicle because their previous vehicle was totaled in an accident.

The plaintiffs state that they informed their bankruptcy attorney about the accident shortly after it occurred. [2] However, they did not amend their schedules or otherwise disclose a personal-injury claim at any time before completing their plan payments in February 2025 or

---

[2] There is no explanation in their affidavits as to why they did not disclose to the Bankruptcy Court their alleged claims in Amended Schedule A/B filed April 11, 2022.

2

before receiving their discharge in April 2025. During the bankruptcy, they received or benefited from payments totaling $27,285.31, including approximately $19,387.36 for property damage related to the accident. These payments were not disclosed in their schedules.

The plaintiffs filed their personal-injury lawsuit on March 31, 2025, one day before their bankruptcy discharge was entered. Later, in December 2025—after a summary-judgment motion was filed in the civil case—they moved to reopen their bankruptcy to amend Schedule A/B to add the personal-injury claim. The bankruptcy court denied the motion. Neither their April 2022 amended schedule, nor their proposed December 2025 amended schedule disclosed the property-damage claim for which they had already been paid in early 2022.

The defendants in the civil case (Doxa, LLC, Cody Rodgers, and J.B. Hunt) were not creditors in bankruptcy. Following the commencement of this lawsuit on March 31, 2025, the parties exchanged Rule 26 disclosures and began discovery. On November 7, 2025, Plaintiffs moved to amend their pleading to add J.B. Hunt—a motion the Court granted on November 10. Doxa filed its Motion for Summary Judgment on December 10, 2025, asserting judicial estoppel, and Co-Defendant Cody Rodgers joined on December 19; the Court then stayed Scheduling Order deadlines on January 5, 2026. J.B. Hunt was served on January 23, 2026, and filed its Answer, Affirmative Defenses, and a Crossclaim against Doxa. On April 16, 2026, J.B. Hunt has joined Defendants' summary-judgment motions.

**STANDARD**

Summary judgment is proper when no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

3

Judicial estoppel is an "equitable doctrine" intended "to protect the integrity of the judicial process," both by "prohibiting parties from deliberately changing positions according to the exigencies of the moment," and by preventing the "risk of inconsistent court determinations." *Keathley v. Buddy Ayers Constr., Inc.*, No. 25-6, 2026 WL 1686028, at *6 (U.S. June 11, 2026) (citing *New Hampshire v. Maine,* 532 U.S. 742, 749-751 (2001)(internal quotation marks omitted)).

The United States Supreme Court recently resolved a circuit split on judicial estoppel in the bankruptcy context. Assuming without deciding that judicial estoppel can apply in the bankruptcy context and that "inadvertence or mistake" can function as an exception to that application, the Court held that to determine whether an omission was inadvertent or mistaken for purposes of judicial estoppel, courts should look to the totality of the circumstances surrounding the omission. *Keathley*, 2026 WL 1686028 at *1. "Rather than applying a presumption of deceit, judicial estoppel requires an inquiry into whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, as those terms are commonly understood." *Id.* (citing *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 276 (9th Cir. 2013)).

The Eighth Circuit has recognized that judicial estoppel can apply when a Chapter 13 debtor omits a lawsuit that arises during the pendency of bankruptcy proceedings. *Jones v. Bob Evans Farms, Inc.,* 811 F.3d 1030, 1032–34 (8th Cir. Jan. 26, 2016). State law applies in a diversity case when determining judicial estoppel. *Spencer v. Annett Holdings, Inc.*, 757 F.3d 790, 797 (8th Cir. 2014). Under Missouri law, "[J]udicial estoppel is not a cause of action with elements that must be proven and that are prerequisites to its application." *Vacca v. Missouri Department of Labor and Industrial Relations*, 575 S.W.3d 223, 235-236 (Mo. 2019) (en banc). Rather, judicial estoppel "is a flexible, equitable doctrine intended to preserve the integrity of the courts." *Id*. "All

4

factors that are relevant should be considered by the Court, but once a party takes truly inconsistent positions, there are no inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id*. Courts weigh the following factors from *New Hampshire v. Maine*, 532 U.S. at 750-751, in determining whether to apply judicial estoppel:

(1) whether a party's later position is clearly inconsistent with its earlier position;

(2) whether the party was successful in persuading a court to accept the party's earlier position such that judicial acceptance of an inconsistent position in a later proceeding would create the perception that a court was misled; and

(3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Vacca v. Missouri Dep't of Lab. & Indus. Rels.*, 575 S.W.3d at 232-233. However, the absence of either the second or third factor is not dispositive under Missouri law as they are just factors for consideration, not elements. *Id*. at 236-237. These factors "are guideposts, not elements, intended to assist courts in identifying when judicial estoppel should be applied to preserve the integrity of the judicial process and prevent litigants from playing 'fast and loose' with the courts." *Id*. at 236; *Banks v. Kansas City Area Transp. Auth.*, 637 S.W.3d 431, 445 (Mo. App. 2021).

**DISCUSSION**

The undisputed facts demonstrate: (1)The automobile accident occurred 53 days after filing bankruptcy (post-petition claim); (2) Plaintiffs alerted the bankruptcy court of the accident when seeking approval for vehicle financing, but answered "No" to the question requiring disclosure of accident-related claims; (3)The bankruptcy court's Confirmation Order, entered 33 days after the Schedule, required disclosure of any events affecting disposable income including…"lawsuits"; (4) Plaintiffs filed their lawsuit one day after bankruptcy discharge; (5) Plaintiffs voluntarily moved to reopen the bankruptcy case to disclose the claim and benefit creditors after summary

5

judgment was filed in this case; (6) Plaintiffs received over $27,000, including nearly $20,000 for property damage.

Plaintiffs argue they believed the bankruptcy court knew of the potential claim because they had disclosed that they were in a car accident and needed a new car and that their omission was inadvertent—including representation by counsel, disclosure of the accident to their attorney, reliance on professional guidance, and good-faith belief in compliance—which supports a finding of inadvertence or good-faith mistake rather than intentional concealment.

"Rather than applying a presumption of deceit, judicial estoppel requires an inquiry into whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, as those terms are commonly understood." *Keathley*, 2026 WL 1686028 at *1. It is well-established that the court is not allowed to make credibility determinations when considering summary judgment motions. *United Missouri Bank, N.A. v. City of Grandview*, 105 S.W.3d 890, 898 (Mo.App. W.D.2003). When the evidence supports two plausible inferences regarding a plaintiff's intent—as it does here, summary judgment is inappropriate. *Loth v. Union Pacific R. Co.*, 354 S.W.3d 635, 642-643 (Mo. Ct. App. 2011).

Plaintiffs have presented facts that could result in the finding of inadvertence or mistake in their bankruptcy filings. Viewing all the facts in a light most favorable to the nonmoving party, summary judgment based on judicial estoppel is not proper under these circumstances. Defendants' Motions for Summary Judgment Based on Judicial Estoppel are hereby **DENIED**.

<u>**CONCLUSION**</u>

Defendants' Motions for Summary Judgment Based on Judicial Estoppel (Doc. 25, 29) are hereby **DENIED.**

6

**IT IS SO ORDERED**.

DATED: July 22, 2026

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

7